IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WINDOW WORLD, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Cause No.: 1:12-cv-04329 |
| -vs- ) | |
| ) | Honorable George W. Lindberg |
| DAVID HAMPTON and WINDOW WORLD ) | |
| OF CHICAGOLAND, LLC, ) | |
| . ) | |
| Defendants. ) | |

**<u>DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT</u>**

Come now Defendants David Hampton and Window World of Chicagoland, LLC, and, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, move this Court to set aside and vacate its Default Judgment of December 4, 2012. In support of said motion, Defendants state as follows:

1. This matter was filed by Plaintiff on June 4, 2012.

2. On June 11, 2012, Defendants signed Waivers of Service of Summons which would have required responsive pleadings to be filed on or before August 6, 2012.

3. On June 13, 2012, Plaintiff filed an Unopposed Motion to Consolidate this case with Case No. 12-cv-579, a related case filed by Defendants against Plaintiff and others.

4. On June 13, 2012, this Court issued its Finding of Relatedness Pursuant to Local Rule 40.4 and requested that the Executive Committee order that this case be reassigned to it as a related case to Case No. 12-cv-579.

5. On June 14, 2012, the Executive Committee granted the request and reassigned this case to this Court as a related case.

6. There was never an Order consolidating the two cases.

7. However, Defendants believed that the cases were consolidated and that their attorney was representing them in both cases. (*See Affidavit of David Hampton, attached hereto as Exhibit A,* ¶¶ 6-8).

8. On June 24, 2012, Defendants received an email from their attorney advising them that their attorney would file a Motion to Withdraw the following day. Defendants' attorney further stated that she would continue to represent Defendants until the Motion to Withdraw was granted. Based upon the representations made by Defendants' attorney, they believed she was still representing them in both cases until the Motion to Withdraw was granted.[1] (*Affidavit of David Hampton*, ¶ 11).

9. On June 25, 2012, Defendant David Hampton had a discussion with his attorney in which it was decided that Defendants would dismiss their claims without prejudice. (*Affidavit of David Hampton,* ¶ 12).

10. Defendants' counsel sent Defendants an email later on June 25, 2012, in which she stated that she would not file the Motion to Withdraw pending dismissal of the case. It was Defendants' understanding that if they dismissed their claims against Plaintiff in Case No. 12-cv-579, the claims in the related case filed by Window World against them would also be dismissed. (*Affidavit of David Hampton*, ¶ 12).

11. On June 29, 2012, Defendants received an email from their attorney which advised that the court had accepted the dismissal without prejudice. (*Affidavit of David Hampton,* ¶ 13).

---

[1] Defendants do not intend to waive their attorney/client privilege and have not attached any emails as exhibits. Defendants will provide such emails for *in camera* inspection should the Court feel that the actual emails are needed to decide this motion.

12. On July 12, 2012, Defendants received an email for their attorney stating that the request to dismiss all parties was granted. Defendants' understanding was that the dismissal resolved both cases. (*Affidavit of David Hampton,* ¶ 14).

13. Defendants continued to believe that their attorney was representing them in both cases as there had never been a Motion to Withdraw filed and they never received any documentation which indicated they were unrepresented in this case. (*Affidavit of David Hampton*, ¶ 15).

14. Defendants did not file responsive pleadings by August 6, 2012, as they believed that the case had been resolved.

15. The Court set the initial status hearing in this matter on August 8, 2012. Defendants did not appear, either individually or through counsel, as they believed the case had been resolved. (*Affidavit of David Hampton*, ¶ 19).

16. Counsel for Plaintiff did appear at the status hearing and requested that a default judgment be entered.

17. The default judgment was entered and the matter set for hearing on Plaintiffs' damages.

18. On October 3, 2012, Plaintiff filed its Motion for Default. (Doc. # 12)

19. On December 4, 2012, this court entered Plaintiff's Final Judgment Order (Doc. #19).

20. Defendants have not willfully or intentionally failed to comply with the filing deadlines in this matter.

21. The confusion surrounding the consolidation of this matter with Case No. 12-cv-579, the Unopposed Motion to Consolidate filed by Plaintiff in Case No. 12-cv-579, communications from Defendants' counsel that made it appear that Defendants were

being represented in this matter, and the ultimate Order granting the motion to dismiss without prejudice in Case No. 12-cv-579 all led Defendants to reasonably believe that no further action was required in this matter.

22. On July 17, 2013, while reviewing the 2013 Window World Franchise Disclosure Document, Defendant Hampton first became aware that a default judgment had been entered in this matter. (*Affidavit of David Hampton*, ¶ 25).

23. Defendant David Hampton immediately notified his new counsel of the default and plans were immediately made to prepare and file this motion.

24. Defendants have meritorious defenses to Plaintiff's claims as evidenced by the Courts Opinion denying, in part, Plaintiff Window World's Motion to Dismiss filed in Case No. 12-cv-579.

WHEREFORE, for the foregoing reasons, Defendants pray this Court grant their Motion to Set Aside Default Judgment and set aside and vacate the judgment entered December 4, 2012 (Doc. #19).

Respectfully submitted,

LAW OFFICE OF JONATHAN E. FORTMAN, LLC

By   /s/ Jonathan E. Fortman
Jonathan E. Fortman #40319
Attorney for Defendants
250 St. Catherine Street
Florissant, Missouri 63031
(314)522-2312 - Telephone
(314)524-1519 - Facsimile
E-mail: jef@fortmanlaw.com

## **CERTIFICATE OF SERVICE**

A true and accurate copy of the foregoing has been served upon all parties this 29th day of July, 2013, by operation of the courts electronic filing system

_____/s/ Jonathan E. Fortman_____