# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DIVISION OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WINDOW WORLD, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> -vs- ) <br> ) <br> DAVID HAMPTON and WINDOW WORLD ) <br> OF CHICAGOLAND, LLC, ) <br> ) <br> Defendants. ) | Cause No.: 1:12-cv-04329 <br><br> Honorable George W. Lindberg |

## AFFIDAVIT OF DAVID L. HAMPTON

COMES NOW, David L. Hampton, and after first being duly sworn upon his oath, states as follows:

1. I am over the age of eighteen (18) and competent to make this affidavit.

2. On January 26, 2012, I filed suit against Window World, Inc., Tammy Whitworth, Dana Deem, Ruben Leon Whitworth and Marie Whitworth in Case No. 1:12-cv-579.

3. On June 4, 2012, Window World, Inc., filed a related case against me in Case No. 1:12-cv-04329.

4. I was advised by my attorney via email dated June 5, 2012, that Window World had filed suit against me and that they had requested that I accept service of the lawsuit rather than being served.

5. I signed the Waiver of Service of Summons in this case on June 11, 2012.

6. On June 12, 2012, my attorney sent me an email informing me that Window World intended on filing a motion to consolidate this case with Case No. 1:12-cv -579.

Page 1 of 5

7. On June 14, 2012, this Court made a finding of relatedness between the two matters and the Executive Committee reassigned this matter to this Court.

8. On June 18, 2012, my attorney sent me an email stating that her firm would represent me in this case.

9. In an email dated June 19, 2012, my attorney advised me of a potential conflict. My attorney stated that something she failed to consider when agreeing to represent me in the new litigation was the potential conflict. On June 19, 2012, my attorney sent me an additional email which stated, among other things, that their withdrawal was not a question of if but when such withdrawal would occur.

10. These emails led me to believe that I was represented in both cases until my attorney was granted leave to withdraw.

11. On June 24, 2012, my attorney sent me an email in which she stated that she would be withdrawing. In that same email, she states she would be filing her motion to withdraw the following day. She stated that her firm would be my attorneys until the motion to withdraw was granted. At the time of the June 24th email, I believed that my attorney was representing me in both cases.

12. On Monday June 25, 2012, I had a discussion with my attorney in which the ultimate decision was made to dismiss my lawsuit without prejudice. I was told that I would have one year from the date of dismissal to refile the case. In an email from my attorney dated that same day, I was told that she would not file the Motion to withdraw pending the dismissal of my case. It was my understanding that if I dismissed my lawsuit, the companion case filed against me by Window World, Inc., would also be dismissed.

13. On Friday, June 29, 2012, I received an email stating that the court had accepted the dismissal without prejudice. In that email, my attorney advised me that I would have to refile my case against Window World on or before June 24, 2013.

14. On July 12, 2012, I received an email from my attorney stating that the request for dismissal as to all parties was granted. My attorney advised me that the effect of the dismissal was that I could refile my claims at a later date. My understanding has always been that the dismissal would take care of both cases.

15. I was still under the impression that my attorney was representing me in both cases as I had never received a Motion to Withdraw or any other documents which would lead me to believe I was unrepresented in the companion case.

16. I would never have agreed to dismiss my claims had I been advised that the companion case would not be dismissed at the same time.

17. The waivers of service executed by me required that responsive pleadings be filed by August 6, 2012.

18. No such pleadings were filed as I believed that the case had been resolved.

19. However, on August 8, 2012, counsel for Window World appeared in this Court for an initial status hearing. I did not appear, either personally or through counsel, as I was unaware of the status hearing date.

20. At the status hearing, Window World requested, and was granted, a default judgment.

21. At no time was I made aware of that action.

22. On October 3, 2012, Window World, Inc., filed its Motion for Default Judgment (Doc. #12). I never received nor was I ever provided with a copy of that Motion.

23. On December 4, 2012, this Court entered its Final Judgment Order (Doc. #19). Once again, I never received nor was I ever provided with a copy of that Judgment.

24. On June 24, 2013, I refiled my claims against Window World, Inc., and several other defendants. The case number is 1:13-cv-04624 and the case has been assigned to the Honorable Amy J. St. Eve. I have retained different counsel than the earlier matters. I never informed my new counsel of the default judgment as I was unaware of it.

25. On July 17, 2013, I became aware of the default judgment while reviewing the 2013 Window World Franchise Disclosure Document in which the default judgment was disclosed. I immediately contacted my attorney who confirmed that a default judgment had been entered.

26. I believe the facts and causes of action set forth in Case No. 1:13-cv-04624 show that I have valid defenses to this case which are meritorious.

27. The default in this case was the result of a mistake and excusable neglect due to miscommunication between my attorney and me.

28. I ask that this court set aside the default judgment entered December 4, 2012, and that I be permitted to present my defense in this matter.

FURTHER, AFFIANT SAYETH NOT.

Respectfully,

*David L. Hampton*
David L. Hampton

STATE OF Texas      )
                    )  SS
COUNTY OF Harris    )

COMES NOW the undersigned notary and states that David L. Hampton, to me personally known, after first being dully sworn upon his oath, stated that the above facts and allegations are true and accurate according to his best knowledge, information, and belief. Dated this 24 day of July, 2013.

*Mary Cheramie*
Notary Public

My Commission Expires:



MARY R CHERAMIE
Notary Public, State of Texas
My Commission Expires
July 12, 2015

Page 5 of 5