IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WINDOW WORLD, INC., | ) |
|     Plaintiffs, | ) |
| -vs- | ) Cause No.: 1:12-cv-04329 |
| DAVID HAMPTON and WINDOW WORLD OF CHICAGOLAND, LLC, | ) Honorable Thomas M. Durkin |
|     Defendants. | ) |

### DEFENDANTS' AMENDED MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT

**Facts**

On January 26, 2012, Defendants filed suit against Plaintiff Window World, Inc., Tammy Whitworth, Dana Deem, Ruben Leon Whitworth, and Marie Whitworth in the United States District Court for the Northern District of Illinois, Case No. 1:12-cv-579. In that suit, Defendants' Complaint contained seven-counts which included violations of the Illinois Franchise Disclosure Act, breach of contract, fraud, breach of the implied covenant of good faith and fair dealing, and civil conspiracy. On May 23, 2012, the Court denied the motion to dismiss the Illinois Franchise Disclosure Act and breach of contract claims but dismissed the fraud, breach of the implied covenant of good faith and fair dealing and civil conspiracy claims. Twelve days later, June 4, 2012, Window World, Inc., filed this suit in which it sought injunctive relief and damages for Defendants' abandonment of their licensed Window World business. Defendants, upon advice of their attorney, executed Waivers of Service of Summons on June 11, 2012.

After this matter was filed, Plaintiff, Window World, Inc. filed an Unopposed Motion for Reassignment and Consolidation in Case No. 12-cv-579. Defendants' attorney in Case 12-cv-579 did not oppose that motion. That motion was filed on June 13, 2012, in Case No. 12-cv-579. On that same date, this Court issued its Finding of Relatedness Pursuant to Local Rule 40.4 and requested that the Executive Committee order that this case be reassigned to it as a related case to Case No. 12-cv-579. That request was granted by the Executive Committee on June 14, 2012. While the case was reassigned as a related case, there was never any order consolidating the cases. However, Defendants, David Hampton and Window World of Chicagoland, LLC were led to believe that the cases were being consolidated and that their attorney in Case No. 12-cv-579 would also represent them in this case according to an email sent to David Hampton by his attorney on June 18, 2012. (See Affidavit of David L. Hampton, ¶¶ 6-8).

On June 19, 2012, Defendants' attorney sent an email advising Defendants of a potential conflict and stated, among other things, that her withdrawal was not a question of if, but when such withdrawal would occur. (Hampton Affidavit, ¶ 9). Defendants believed at that time that their attorney was representing them in both cases and would continue to do so until leave was granted for her withdrawal. (Hampton Affidavit, ¶ 10). On June 24, 2012, Defendants' attorney sent them an email in which she stated that she would be withdrawing and the motion to withdraw would be filed the following day. The attorney stated that her firm would be counsel for Defendants until the motion to withdraw was granted. Based on the email, Defendants continued to believe that the attorney was still representing them in both cases. Hampton Affidavit, ¶ 11). On June 25, 2012, Defendant David Hampton had a discussion with his attorney in which the ultimate decision was made to move to dismiss their lawsuit without prejudice. At that time, Defendant Hampton was told he would have one year from the date of

the dismissal in which to refile his case. (Hampton Affidavit, ¶ 12). In an email to Defendants from their attorney later that same day, Defendants were advised that counsel would not file the Motion to Withdraw pending the dismissal of the case. Defendants believed that the dismissal would take care of all claims by all parties. (Hampton Affidavit, ¶ 12). On June 29, 2012, Defendants received an email from their attorney stating that the court had accepted the dismissal without prejudice and that the case would have to be refiled on or before June 24, 2013. (Hampton Affidavit, ¶ 13). On July 12, 2012, Defendants received an email from their attorney in which the attorney stated that the dismissal as to all parties was granted. (Hampton Affidavit, ¶ 12). The attorney advised that the effect of the dismissal was that Defendants could refile their claims at a later date. (Hampton Affidavit, ¶ 14). It was always Defendants' understanding that the dismissal took care of all claims, including the claims in this case. (Hampton Affidavit, ¶ 14).

The Waivers of Service of Summons executed by Defendants required that responsive pleadings be filed by August 6, 2012. Defendants believed that the matter had been resolved and that no further action was required. However, on August 8, 2012, counsel for Window World appeared in this Court for an initial status hearing. Defendants were unaware that a status conference had been scheduled and did not appear, either personally or through counsel. (Hampton Affidavit, ¶ 19). At the status hearing, Window World requested, and was granted, a default judgment. The matter was set for hearing on Plaintiff's damages. Defendants were never made aware of such action. (Hampton Affidavit, ¶ 21). On October 3, 2012, Plaintiff filed its Motion for Default Judgment. (Doc. #12). Defendants were never provided with a copy of that motion. (Hampton Affidavit, ¶ 22). On December 4, 2012, this Court entered its Final Judgment Order (Doc. #19). Defendants never saw that judgment. (Hampton Affidavit, ¶ 23).

On June 24, 2013, Defendants refiled their case against Window World, Inc. and several other defendants. That matter was filed in the United States District Court for the Northern District of Illinois under Case No. is 1:13-cv-04624. That case has been assigned to the Honorable Amy J. St. Eve. Defendants have retained different counsel. Defendants never informed their new counsel of the default judgment as Defendants were not aware that it had been entered. (Hampton Affidavit, ¶ 24). Defendants did not become aware of the default judgment until July 17, 2013, when Defendant David Hampton reviewed the 2013 Window World Franchise Disclosure Document in which the default judgment was disclosed. (Hampton Affidavit, ¶ 25).

Defendants have filed their Motion to Set Aside Default Judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. In support of that motion, Defendants submit this memorandum of law.

### Standard of Review

Rule 60(b)(1) of the Federal Rules of Civil Procedure states that:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect…

Rule 60 provides for discretionary relief from a final judgment on the basis, *inter alia*, of "excusable neglect." *Robb v. Norfolk & Western Ry. Co.,* 122 F.3d 354, 357 (7th Cir. 1997). The decision of this Court will only be reviewed for an abuse of discretion and will not be disturbed absent a showing that "no reasonable person could agree" with the ruling. *Id.*

### Argument

To prevail on a motion to vacate a default judgment under Rule 60(b), a party must show (1) good cause for the default; (2) quick action to correct the default; and (3) the existence of a

meritorious defense to the original action. *Jones v. Phipps,* 39 F.3d 158, 162 (7th Cir.1994); *United States v. Di Mucci,* 879 F.2d 1488, 1495 (7th Cir.1989).

Defendants seek to set aside the default judgment in this case based upon "excusable neglect." "Excusable neglect" would satisfy the first prong of the test set forth in *Jones*. The United States Supreme Court has found the term "excusable neglect" as it relates to Rule 60 to "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, et al.,* 570 U.S. 380, 394 (1993). The Court further stated that the determination of what amounts to 'excusable neglect" under Rule 60(b) is:

> At bottom an equitable one, taking account of all the relevant circumstances surrounding the party's omission. These include…the danger of prejudice…, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395.

Obviously, whether there has been "excusable neglect" or willful disregard of a filing deadline is dependent, to a large extent, of the facts and circumstances of a given case. Defendants submit that when all the surrounding circumstances in this case are considered, the only reasonable conclusion that can be reached is that Defendants have met the "excusable neglect" standard.

In this case, several events transpired within a relatively short period of time which led to Defendants' confusion. First, Plaintiff filed this action separate from Case No. 12-cv-579, the case already filed by Defendants. Shortly after filing this action, Window World, Inc. filed an unopposed Motion to Consolidate in Case No. 12-cv-579 pursuant to Local Rule 40.4 and Rule

42 of the Federal Rules of Civil Procedure. Defendants were told by their attorney that such action was taking place. Consolidation of the cases would make sense as both actions involved common questions of law and fact. The term "consolidation" would lead one to believe that the cases were being joined together to such an extent that Defendants expected that their attorney would be given notice of any filings in either case. However, unknown to Defendants, before the court could rule on the Motion to Consolidate, Defendants filed their motion to dismiss their claims in Case No. 12-cv-579. Once that case was dismissed, there was nothing to consolidate. However, Defendants would not have known that unless told so by their attorney. If the actions were consolidated, as Defendants were led to believe, then it seems logical that a dismissal of all actions as to all parties would include the claims in this case. Defendants submit that the background facts and circumstances in this case indicate that they did not willfully disregard their obligations to the Court to file responsive pleadings. Rather, they believed they had done everything necessary to resolve both cases by agreeing to dismiss their claims.

The second prong of the test is whether the party took quick action to correct the default. At first blush, it would seem that Defendants cannot satisfy this prong. After all, the default judgment was entered by this Court on December 4, 2012, and the Motion to Set Aside the default is being filed almost eight months later. However, once again, when the surrounding facts and circumstances are considered, the only conclusion that can be reached is that Defendants reasonably believed that this case had been resolved when they dismissed their claims in Case No. 12-cv-579. Defendants only learned of the default less than two weeks ago when reviewing the 2013 Window World Franchise Disclosure Document and immediately took action to get the motion to set aside the default filed. There is no indication that Defendants intentionally omitted to take necessary action in a case in which they knew was still pending.

When considering this prong of the test, the Court should also question why Defendants would agree to dismiss their claims in Case No. 12-cv-579 if they believed that the claims in this case would not be dismissed and they would be required to defend in this case. Defendants, after learning of the default, have sought to set aside the default as quickly as possible.

The final prong of the test requires the moving party to show the existence of a meritorious defense to the original action. In Case No. 12-cv-579, Defendants survived the motion to dismiss as to the claims for breach of contract and breach of the Illinois Franchise Disclosure Act. Each of those claims directly impact the claims made by Window World against Defendants in this case. In fact, had Defendants proceeded and prevailed on their claims made in Case No. 12-cv-579, it would have eviscerated the claims made by Window World in this case. The Court's Order on the motion to dismiss in Case No. 12-cv-579 is *prima facia* evidence that Defendants had meritorious defenses in this case.

Defendants took all necessary actions, complied with all deadlines, and prosecuted their claims in Case No. 12-cv-579. There is nothing which would indicate that Defendants intentionally or willfully failed to comply with the deadlines imposed in this case. Rather, the circumstances faced by Defendants at the time Case No. 12-cv-579 was dismissed would lead any reasonable party not trained in the law to believe that nothing further was required. Defendants satisfy all three prongs of the test set forth in *Jones* and numerous other cases decided in the Seventh Circuit and the default should be set aside.

## Conclusion

WHEREFORE, for the foregoing reasons, the default entered by this Court on December 4, 2012, should be set aside and vacated.

Respectfully submitted,

LAW OFFICE OF JONATHAN E. FORTMAN, LLC

By    /s/ Jonathan E. Fortman_____
Jonathan E. Fortman #40319
Attorney for Defendants
250 St. Catherine Street
Florissant, Missouri 63031
(314)522-2312 - Telephone
(314)524-1519 - Facsimile
E-mail: jef@fortmanlaw.com

**CERTIFICATE OF SERVICE**

A true and accurate copy of the foregoing has been served upon all parties this 9th day of August, 2013, by operation of the courts electronic filing system

     /s/ Jonathan E. Fortman_____